UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| LINNELL RICHMOND, JR., | ) |
| Petitioner, | ) Civil Action No. 7: 20-084-WOB |
| v. | ) |
| HECTOR JOYNER, | ) **MEMORANDUM OPINION** |
|  | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Linnell Richmond, Jr., is an inmate at the United States Penitentiary—Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Richmond filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions against him. [R. 1.] In response, the Warden argues that Richmond's claim is not actionable in a habeas proceeding. After reviewing the briefs,[1] the Court finds Richmond's petition must be **DENIED**.

During a February 2019 disciplinary proceeding, Richmond was sanctioned with the loss of both commissary privileges and phone privileges for sixty days. [R. 7-1 at 8-9.] Richmond claims this disciplinary proceeding and resulting sanction violated his right to due process. [R. 1 at 5-6, 9.] But upon review, the Court disagrees.

*Wolff v. McDonnell*, 418 U.S. 539 (1974), articulates certain minimum procedures that prison officials must follow before sanctioning an inmate with the loss of good time credit. Here, however, Richmond did not lose good time credit. "An inmate cannot challenge the loss of non-custodial privileges by way of a habeas petition because the loss of such privileges has only a

---

[1] Although the Court provided Richmond with an opportunity to file a reply brief to the Warden's response within thirty days [see R. 4 at 2], Richmond chose not to do so.

speculative or incidental effect on the length of a prisoner's sentence and is not close to the core of habeas corpus." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (internal quotation marks and citation omitted); *see also Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) ("In order to show the deprivation of a liberty interest protected by the Fourteenth Amendment, a prisoner must show that the act extended the duration of his sentence, or that he suffered an atypical, significant deprivation."). If Richmond wishes to challenge his restricted commissary and phone access as unconstitutional conditions of confinement, he should do so in a civil rights proceeding. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Further, when good conduct time is on the table as a sanction, *Wolff v. McDonnell* entitles a prisoner to advanced, written notice of the charges against him; the opportunity to call witnesses and present other evidence in his defense; and a written decision explaining the grounds used to determine the sanctions imposed. *Wolff*, 418 U.S. at 563-66. Even though Richmond was not sanctioned with the loss of good time credit, the record suggests these requirements were satisfied in his case. Indeed, the Warden has provided evidence that the *Wolff* requirements were followed [*see* R. 7-1 at 8-9], and Richmond has failed to file a reply brief challenging the Warden's claims. Thus, even if the *Wolff* standard applied to Richmond's claims, no violation of his due process rights occurred.

For these reasons, the Court hereby **ORDERS** as follows:

1. Richmond's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE** so that Richmond may raise his potential civil rights claims in an appropriate civil rights action. *See Martin*, 391 F.3d at 714-15;

2. Judgment will be entered contemporaneously herewith; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's docket.

This the 5th day of January, 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

3